Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000215
17-MAY-2012
10:41 AM

NO. CAAP-10-0000215

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
WILLIAM LOEBEL, IV, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 09-1-0587)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant William Loebel, IV (**Loebel**) appeals from the November 17, 2010, Findings of Fact, Conclusions of Law and Freestanding Order of Restitution (**November 17, 2010 Restitution Order**), entered by the Circuit Court of the First Circuit (**Circuit Court**),[1] ordering Loebel to pay $20,256.48 in restitution to the State of Hawai'i Department of Human Services (**DHS**) pursuant to Hawaii Revised Statutes (**HRS**) § 706-646.

On appeal, Loebel contends that the Circuit Court erred in granting the November 17, 2010 Restitution Order because DHS does not qualify as a "victim" under HRS § 706-646(1). Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Loebel's point of error as follows:

---

[1]    The Honorable Steven S. Alm presided.

HRS § 706-646 (Supp. 2011) provides, in relevant part:

> **§ 706-646 Victim Restitution.** (1) As used in this section, 'victim' includes any of the following:
>
> (a) The direct victim of a crime including a business entity, trust or governmental entity;
>
> . . . .
>
> (c) A governmental entity which has reimbursed the victim for losses arising as a result of the crime.
>
> (2) The court shall order the defendant to make restitution for reasonable and verified losses suffered by the victim or victims as a result of the defendant's offense when requested by the victim. . . .
>
> (3) . . . Restitution shall be a dollar amount that is sufficient to reimburse any victim fully for losses, including but not limited to:
>
> . . . .
>
> (b) Medical expenses; . . .

In State v. Murray, 63 Haw. 12, 621 P.2d 334 (1980), the Hawai'i Supreme Court addressed the issue of "whether a sentencing court may compel a defendant to repay medical expenses incurred by the State of Hawaii on behalf of a direct victim of a crime[.]" 63 Haw. at 13, 621 at 336. The supreme court found that the determination that the State was a "victim" was

> consistent with a legislative contemplation that the provision in question should serve several objectives, including retribution, rehabilitation, and restitution. In our opinion, the State was for all practical purposes a victim of the crime. It was obligated to assume the financial burden of defendant's misdeed since the direct victim was a fellow prisoner.

Id. at 20, 621 P.2d at 339-40 (emphasis added).

Although Murray was grounded in HRS § 706-605,[2] this court, in State v. Sequeira, subsequently noted that HRS § 706-646(1)(c) "essentially codifies the Hawai'i Supreme Court's decision in State v. Murray . . . that a governmental entity may qualify for an award of restitution if it has reimbursed the 'direct victim' of a crime for certain damages or losses incurred

---

[2] In 1998, HRS § 706-605 was amended by adding references to two new statutory sections, including HRS § 706-646. See 1998 Haw. Sess. Laws Act 269, §§ 1, 4 at 911-12.

2

as a result of the crime." 93 Hawai'i 34, 40 n.7, 995 P.2d 335, 341 n.7 (2000).

Here, because the direct victim was indigent, DHS was obligated, through the State's Medicaid program, to assume the financial obligation of Loebel's criminal misconduct. Based on the supreme court's decision in Murray, as later codified in HRS § 706-646(3), DHS is a victim entitled to restitution.

We reject Loebel's argument that this court's decision in State v. Tuialii, 121 Hawai'i 135, 214 P.3d 1125 (App. 2009), supports his position. In Tuialii, we stated that an insurer was not the "direct victim" under HRS § 706-646(1), holding that restitution under HRS § 706-646(1) was to be paid to the direct victim, not its insurer. Id. at 140, 214 P.3d at 1130. The issue in that case, however, involved the application of HRS § 706-646(1)(a). HRS § 706-646(1)(a) is not at issue in this case; rather, it is HRS § 706-646(1)(c) that support the restitution order herein.

We also reject Loebel's argument that the Circuit Court incorporated civil subrogation principles into its criminal restitution order. The Circuit Court properly grounded its decision in HRS § 707-646, not civil subrogation principles.

For these reasons, the Circuit Court's November 17, 2010 Restitution Order is affirmed.

DATED: Honolulu, Hawai'i, May 17, 2012.

On the briefs:

Karen T. Nakasone
Deputy Public Defender
for Defendant-Appellant

Sonja P. McCullen
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

3